120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene ROMERO, Sr.; Eva Romero; Rene Romero, Jr.; Fernando
Romero, Plaintiffs-Appellants,
v.
CITY OF DOUGLAS, Arizona, a body politic; Eric Duthie,
Carlos Trujillo; Anthony Parrish; William Hoffman, in
their individual and official capacities as police officers
for the City of Douglas, Arizona; John R. Hallahan and
Kenneth Vance, in their individual capacities, Defendants-Appellees.
 No. 96-16295.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rene Romero, Sr., Eva Romero, and their children Rene Romero, Jr., and Fernando Romero appeal the grant of summary judgment on their 42 U.S.C. § 1983 claims against the City of Douglas, Arizona ("the City"), several City police officers, and Arizona Department of Corrections employees John Hallahan and Kenneth Vance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 3
 We review de novo both the district court's grant of summary judgment and the district court's application of qualified immunity. See Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995).
 
 
 4
 The Romeros contend that the district court erred in finding that the individual officers were entitled to qualified immunity for searching their home without a warrant and for seizing and searching Rene Romero, Jr. during the search of the home. This contention lacks merit.
 
 
 5
 Law-enforcement officers are entitled to qualified immunity when they engage in a course of conduct that a reasonable officer could have believed was lawful. See Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). We apply a two-part analysis when determining whether law-enforcement officers are entitled to qualified immunity: "(1) Was the law governing the officer's conduct clearly established?" and "(2) Under the law, could a reasonable officer have believed the conduct was lawful?" Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). The relevant inquiry is, in the context of a warrantless search, whether a reasonable officer, in light of clearly established law and given the information the searching officers possessed, could have believed that the warrantless search was lawful. See Anderson, 483 U.S. at 641.
 
 
 6
 Here, a tracking dog led officers to the Romero home in connection with the officers' search for an escaped felon who was suspected of robbing a local store earlier that evening and who was known to be armed and dangerous. The officers had their guns drawn when one of the officers knocked on the door, the door of the home swung open and Rene Romero, Jr., was seen inside the house. One of the officers pulled Rene Romero, Jr., outside of the house, another officer patted him down and questioned him. After Rene Romero, Jr., told the officers that his brother and sister were inside the house, the police called into the house several times but received no response. The officers then entered and searched the Romero home but did not find the escaped felon.
 
 
 7
 The individual officers are entitled to qualified immunity because a reasonable officer could have believed that the search of the home was lawful.[1] See Anderson, 483 U.S. at 641. Lawenforcement officers may conduct a warrantless search of a residence if probable cause and exigent circumstances are present. See United States v. Lai, 944 F.2d 1434, 1441-43 (9th Cir.1991). In this case, the officers could have reasonably believed that probable cause was present. See id. at 1441 (noting that probable cause exists if under the "totality of the circumstances" known to the officers at the time of entry, there was a "fair probability" that contraband or evidence of a crime would be found inside the home); see also United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir.1993) (holding that a canine sniff by a narcotics detection dog can supply probable cause if the dog's reliability is established). Further, the officers could have reasonably believed that exigent circumstances were present based on the potential danger to children purported to be inside the home. See Lai, 944 F.2d at 1442 (noting that exigent circumstances includes those circumstances that would cause a reasonable officer to believe that entry was necessary "to prevent physical harm to the officers or other persons"). Thus, the officers were reasonable in concluding that their conduct would not violate any clearly established law. See Anderson, 483 U.S. at 641.
 
 
 8
 The Romeros also contend that the district court improperly granted summary judgment on their municipal liability claims.[2] This contention has merit.
 
 
 9
 A district court may sua sponte enter summary judgment for a party if the party against whom judgment was entered received reasonable notice that the adequacy of his or her claim was in question. See O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir.1996). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985).
 
 
 10
 Here, the parties filed a motion and stipulation with the district court regarding discovery and dispositive motions which stated that additional discovery needed to be completed regarding the municipal liability claims. In accordance with the parties' stipulation, the district court suspended discovery on all matters "except for those pertaining to the Motions for Summary Judgment on the issues of probable cause, exigent circumstances, emergency circumstances or consent." In their motion for summary judgment, defendants only raised the issue of municipal liability in a limited context arguing that if the district court found no constitutional violations by the individual officers, the municipal liability claims must also fail. The district court found that the individual officers were entitled to qualified immunity and did not reach the issue of whether any constitutional violations occurred. The district court, however, reached the municipal liability issue and sua sponte granted summary judgment in favor of the City. Thus, the Romeros did not have adequate notice that the merits of the municipal liability claim were at issue. See O'Keefe, 82 F.3d at 322. Accordingly, we reverse the district court's sua sponte entry of summary judgment, and we remand for further proceedings. See Buckingham v. United States, 998 F.2d 735, 739 (9th Cir.1993).
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the parties' requests for oral argument are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The officers also are entitled to qualified immunity in connection with their seizure and pat-down search of Rene Romero, Jr. The test for determining the lawfulness of a detention is whether, under the totality of the circumstances, it is reasonable. See United States v. Anderson, 663 F.2d 934, 941 (9th Cir.1981). In this case, a reasonable officer could have believed that removing Rene from the house, conducting a pat-down search, and detaining him outside the house until the search was complete was lawful. See Anderson, 483 U.S. at 681
 
 
 [2]
 Municipal liability under 42 U.S.C. § 1983 may be imposed for injuries inflicted pursuant to an official government policy or custom. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). A municipality can be liable under § 1983 even where the individual defendants are entitled to qualified immunity. See Owen v. City of Independence, 445 U.S. 622, 651-52 (1980)